UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X

SUSAN A. MALE,

               Plaintiff,

  -against-

MATHEMATICA POLICY RESEARCH, INC.

               Defendants

------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**Plaintiff Demands a Jury Trial**

Plaintiff, SUSAN A. MALE appearing by her attorneys, AKIN LAW GROUP PLLC as and for her Complaint against the Defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. The Defendants discriminated against the Plaintiff based on her age and further retaliated against the Plaintiff for complaining about the discrimination by terminating her employment.

2. More specifically, this is an action for monetary damages, for the Defendant's violation of Plaintiff's rights under the The Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §§ 621 *et seq* and for retaliating against the Plaintiff for complaining about said discrimination, in violation of the ADEA.

3. In addition, Defendants discriminated against the Plaintiff based on her age and retaliated against the Plaintiff in further violation of New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et seq.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions.

5. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over related claims brought under the New Jersey Law Against Discrimination and New Jersey State common law.

6. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

7. Plaintiff duly filed a Charge of Discrimination (No. 520-2014-01838) with the United States Equal Employment Opportunity Commission.

8. The EEOC sent a Notice of Right To Sue to Plaintiff dated September 4, 2014.

9. Venue is appropriate under 28 U.S.C. § 1391 (b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, the Defendant regularly conducts business in this district and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

10. That at all the times hereinafter mentioned, the plaintiff, SUSAN A. MALE (hereinafter "MRS. MALE"), was and still is a resident of the State of New York, County of New York.

11. That at all the times hereinafter mentioned, the defendant MATHEMATICA POLICY RESEARCH, INC. (hereinafter "MPR") was and is a domestic entity organized and existing by virtue of the laws of Delaware.

12. That at all the times hereinafter mentioned, the defendant MPR was and is a for profit entity conducting business in the State of New Jersey.

13. That at all the times hereinafter mentioned, MPR has and continues to operate facilities in the state of New Jersey.

14. That at all the times hereinafter mentioned, MPR continues to operate out of its offices at 600 Alexander Park Drive Princeton, New Jersey 08543.

15. That at all the times hereinafter mentioned, Plaintiff MRS. MALE was employed at the defendant MPR office located at 600 Alexander Park Drive Princeton, New Jersey 08543.

16. That at all times mentioned, Chris Tallman (hereinafter "Mr. Tallman") was an agent, servant and or employee at MPR.

17. That at all times mentioned, Mr. Tallman was a senior and/or superior of Plaintiff with regard to their employment at MPR.

18. That at all times mentioned, Beenu Puri (hereinafter "Ms. Puri") was an agent, servant and or employee at MPR.

19. That at all times mentioned, Ms. Puri was a senior and/or superior of Plaintiff with regard to their employment at MPR.

## FACTS

20. That in or around October 1999, Plaintiff commenced part-time employment with MPR as a Project Associate.

21. That at all times herein relevant, Mr. Tallman was the supervisor/manager of Plaintiff with regard to her employment with MPR.

22. That at all times herein relevant, Ms. Puri was the supervisor/manager of Plaintiff with regard to her employment with MPR.

23. That at all times herein relevant, the Plaintiff was in a position subordinate to Mr. Tallman and Ms. Puri.

24. That at all times herein relevant, Plaintiff would be given directives and take work orders from Mr. Tallman and Ms. Puri.

25. That at all times herein relevant, Mr. Tallman and Ms. Puri had authority to control the terms and/or conditions of Plaintiff's employment with MPR.

26. That at all times herein relevant, Mr. Tallman and Ms. Puri had authority to conduct a review of Plaintiff regarding her employment with Defendants.

27. That at all times herein relevant, Mr. Tallman and Ms. Puri had authority to discipline Plaintiff regarding her employment with MPR.

28. That at all times herein relevant, Mr. Tallman and Ms. Puri had authority to demote Plaintiff regarding her employment with MPR.

29. That at all times herein relevant, Mr. Tallman and Ms. Puri had authority to terminate Plaintiff from employment with MPR.

30. That at all times herein relevant, Plaintiff is a fifty-nine (59) year old female.

31. That at all times herein relevant, Plaintiff was a stellar employee with MPR receiving numerous praises and was subsequently hired as a full-time employee on July 2009.

32. That at all times herein relevant, Plaintiff did not receive negative performance evaluations regarding her work.

33. That at all times herein relvant, Beenu Puri was assigned to be Plaintiff's supervisor in or about 2011.

34. That at all times herein relevant, Beenu Puri is under the age of 40.

35. That at all times herein relevant, Plaintiff remained employed as a Project Associate at the B2 level upon her change of status to full-time with MPR.

36. That at all times herein relevant, employees of MPR were routinely promoted from the B2 level.

37. That at all times herein relevant, Plaintiff remained on the B2 level.

38. That at all times herein relevant, Defendant MPR routinely hired and promoted younger employees while applicants and employees over the age of 40 did not receive job offers or

promotions within the company.

39. By way of example, employee Judi Hay, a female over the age of 40 years old, was constantly asked by President Paul Decker's secretary, Marvie Tovera, when she was going to retire. Upon information and belief, Judi Hay has been with MPR for over 20 years.

40. That another employee, Sharon DeLeon – a female over the age of 40, has not received a promotion by MPR while promotions were regularly given to younger employees. Upon information and belief, Sharon DeLeon has been employed for over 20 years by MPR.

41. That another employee, Jennifer McGovern - a female over the age of 40 has been passed over for promotions many times while promotions were regularly given to younger employees. Upon information and belief, Jennifer McGovern has been employed for over 15 years by MPR.

42. That Barbara Kenna, a female over the age of 40, has been passed over for promotions while promotions were regularly given to younger employees. Upon information and belief, Barbara Kenna has been employed for over 10 years by MPR.

43. That in a business development meeting with Mr. Tallman, Kevin Conway, Sheryl Behany in which Plaintiff was present, Mr. Tallman stated that he did not want anyone over the age of 35 to be hired and did not want any of the ex-veterans looking for work to be hired.

44. During a EFAST meeting with Chris Tallman, Tony Nastek, Sean Kirk, Sharon DeLeon, and Plaintiff, Chris Tallman stated that he was seeking only "young guns" for the company.

45. That on or about April 2013, Defendants, through its agents, began a course to intentionally setting up the Plaintiff to fail to meet her goals in an attempt to force her out of the company.

46. Despite Defendants attempts, Plaintiff continued to be proactive in seeking billable hours by reaching out to Lisa Schwartz, the Vice President and Director of her division. Upon reaching

out to Lisa Schwartz, Plaintiff advised Lisa Schwartz that she had concerns with Chris Tallman and Beenu Puri's treatment of her compared to other employees. Plaintiff further expressed that it was unjustified for her to be held at a Program Associate 2 level for three years while other younger employees were being promoted regularly.

47. By way of example, Sarah Shabbir, a female employee in her 20s, was promoted with less tenor than Plaintiff from a B2 to a B3 position.

48. That another employee, Sarah Roskovensky, a female employee in her 20s, was promoted with less tenor than Plaintiff from a B2 to a B3 position.

49. That another employee, John O'Donnell, a male employee in his 20s, was promoted with less tenor than Plaintiff from a B2 to a B3 position.

50. Thereafter, on or about January 2014, Plaintiff further expressed her concerns to Dan Shapiro, the Division Director, and asked to be assigned to a new supervisor. Her requests were ignored.

51. Upon her meetings with Lisa Schwartz, Chris Tallman and Beenu Puri immediately began to retaliate against the Plaintiff by ignoring all correspondence with Plaintiff despite her position, including meetings Plaintiff requested with Chris Tallman.

52. That Beenu Puri began a course of retaliation by speaking with other employees and attempting to conjure poor work performance evaluations for Plaintiff.

53. On or about July 2013, Plaintiff applied internally for a job posting for a Research Associate position, a position on level with Plaintiff staffing position and qualifications.

54. When Plaintiff asked Rachel Galiber in Human Resources for an application, she said Plaintiff is not allowed to apply for that job. Plaintiff then addressed Rachel Galiber by stating that the employee handbook stated that she could apply and that her qualifications matched the

position. Thereafter, Rachel Galiber called Plaintiff again and told her now that she could apply.

55. Upon applying for the position, Plaintiff interviewed with Cassandra Pickens Jewel. Although Plaintiff was well qualified for the position, Plaintiff was denied the position by Defendants. Cassandra Jewel advised Plaintiff that there were other applicants for the position. Upon information and belief, all applicants were under the age of 40 years old.

56. On or about March 10, 2014, Ms. Puri set up a meeting with Plaintiff under the disguise of a midyear review. During that meeting, Linda Legge of Human Resources was also present. Ms. Puri issued Plaintiff a Corrective Action. Plaintiff stated that MRP was staffing younger program associates over 120% while complaining that Plaintiff did not have enough work.

57. MPR has not hired a Program Associate or anyone in an equal level to Plaintiff that is over the age of 40 over the course of four years.

58. All associates, including, Program Associates, Research Associates or Survey Associates have all been under 40 years old.

59. Applicants over the age of 40 are not considered for employment with MPR at B2 level.

60. On or about April 2014, Ms. Puri directed Plaintiff to submit a self-assessment for her midyear review. During that same time, while meeting with Linda Legge and Ms. Puri, Plaintiff expressed that she was being set up to fail intentionally despite her attempts to seek positions within the company. Plaintiff was terminated by Defendants on May 22, 2014.

61. Plaintiff felt humiliated, powerless, and ashamed when Defendants continued to persist on discriminating against her based on her age.

62. The discriminatory comments and acts continued and escalated with time until Plaintiff's termination in May 2014.

63. Defendants treated Plaintiff differently because of her age.

64. Defendants systematically discriminate against employees over the age of 40.

65. Defendants systematically discriminate against employment applicants over the age of 40.

66. More significantly, Plaintiff continues to endure both pecuniary and non-pecuniary losses as a result of the intentional, malicious and illegal acts and activities of the Defendants.

67. The Defendants have caused damage and injury to the Plaintiff by first subjecting him to age discrimination and then again by protecting the individuals that caused and created the age discrimination while retaliating against her resulting in Plaintiff being terminated.

68. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

69. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

70. As a result of the Defendants' actions, Plaintiff has suffered economic loss.

71. As a result of the Defendants' discriminatory and intolerable treatment, Plaintiff suffered severe emotional distress.

72. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

73. As a result of the above Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

74. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious,

Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts

### FIRST CAUSE OF ACTION PURSUANT TO ADEA

1. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

2. By engaging in the foregoing conduct, Defendants violated Plaintiff's rights under the Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §§ 621 *et seq* by subjecting the Plaintiff to a hostile work environment and to discrimination because of her age.

3. By engaging in the foregoing conduct, Defendants subjected the Plaintiff to hostilities in violation of Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. §§ 621 *et seq.*

4. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

5. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages.

6. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to her reputation as a result of Defendants' discriminatory practices.

7. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconvenience, and benefits.

8. That by reason of the foregoing, Plaintiff demands a judgment against the Defendants.

## SECOND CAUSE OF ACTION PURSUANT TO ADEA

9. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

10. Age Discrimination in Employment Act of 1967 (ADEA) 29 U.S.C. § 623 (d) *et seq* provides that:

    It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

11. Defendants engaged in unlawful employment practice prohibited by ADEA 29 U.S.C. §623(d) by retaliating and discriminating against Plaintiff as a result of Plaintiff's opposition to the Defendants' unlawful employment practices.

12. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

13. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages.

14. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices

15. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconvenience, and benefits.

16. That by reason of the foregoing, Plaintiff demands a judgment against the Defendants.

### THIRD CAUSE OF ACTION – NEW JERSEY LAW AGAINST DISCRIMINATION

17. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

18. By and through the conduct described above, Defendants violated the New Jersey Law Against Discrimination, N.J.S.A 10:5-1 et seq. by treating Plaintiff less favorably because of her age.

19. By engaging in the foregoing conduct, Defendants violated Plaintiff's rights under New Jersey Law Against Discrimination, subjecting Plaintiff to a hostile work environment .

20. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

21. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages.

22. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices

23. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to suffer and sustain monetary damages, pecuniary losses,

promotions, raises, bonuses, inconvenience, and benefits.

24. That by reason of the foregoing, Plaintiff demands a judgment against the Defendants.

## FOURTH CAUSE OF ACTION – NEW JERSEY LAW AGAINST DISCRIMINATION– RETALIATION

25. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

26. By and through the conduct described above, Defendants violated the New Jersey Law Against Discrimination, N.J.S.A 10:5-1 et seq., by retaliating against the Plaintiff for her complaints about unfavorable and discriminatory treatment against her by the Defendants.

27. Defendants engaged in unlawful employment practice prohibited by New Jersey Law Against Discrimination, by retaliating and discriminating against Plaintiff as a result of Plaintiff's opposition to the Defendants' unlawful employment practices.

28. As a result of the foregoing, Plaintiff has suffered and sustained severe emotional and psychological pain, distress and injury with physical manifestation, entitling plaintiff to compensatory damages.

29. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to sustain loss of enjoyment of life and other non-pecuniary losses entitling plaintiff to compensatory damages..

30. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury, mental anguish and humiliation and damage to his reputation as a result of Defendants' discriminatory practices

31. By acting as described above, Defendants acted with malice and reckless disregard for Plaintiff's rights, causing Plaintiff to suffer and sustain monetary damages, pecuniary losses, promotions, raises, bonuses, inconvenience, and benefits.

32. That by reason of the foregoing, Plaintiff demands a judgment against the Defendants.

## FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES

33. The Plaintiff repeats, reiterates, realleges and incorporate by reference all the allegations contained in the preceding paragraphs as if more fully set forth herein at length.

34. That at all times hereinafter mentioned, Defendants knew that their actions constituted unlawful discrimination and unlawful retaliation in violation of the law.

35. That at all times hereinafter mentioned, Defendants acted with malice or reckless disregard and/or with the intention to violation of the law.

36. As a result of the foregoing, the Plaintiff, seeks declaratory relief, compensatory damages and punitive damages, together with reasonable attorneys' fees, costs of this action, pre-judgment and post-judgment interest, and other appropriate relief pursuant to the ADEA and New Jersey Law Against Discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of defendants complained of herein violate the laws of the United States and the State of New Jersey.

B. An injunction and order permanently removing and clearing information to the contrary contained in the Plaintiff's employee file and restraining defendants from engaging in such unlawful conduct;

C. An order directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority, Medical and Dental benefits and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to

compensate Plaintiff for loss of benefits, promotions, raises and opportunities;

F. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages/including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress and the physical manifestations caused;

G. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

H. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

I. An award of punitive damages;

J. An award of costs that plaintiff has incurred in this action, as well as plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

K. Such other and further relief as the Court may deem just and proper.

Dated: December 2, 2014
New York, New York

                                        Respectfully Submitted

                                        AKIN LAW GROUP PLLC
                                        Attorneys for Plaintiff

                                              */s/ Emre Polat*

                                      _____
                                      By: Emre Polat (EP 1814)
                                      45 Broadway, Suite 2650
                                      New York, New York 10006
                                      (212) 825-1400



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

1 Newark Center, 21ˢᵗ Floor
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

## FINAL DETERMINATION

Susan Male
560 West 43ʳᵈ St., Apt. 38C
New York, NY 10036

CHARGE NO: 520-2014-01838

Mathematica Policy Research
600 Alexander Park Dr.
Princeton, NJ 08543

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under the Age Discrimination in Employment Act, as amended (ADEA). Respondent is an employer within the meaning of the Act. All requirements for coverage have been met.

The Commission is unable to conclude that the information obtained establishes a violation with respect to Charging Party's allegations that she was discriminated against. This does not certify that Respondent is in compliance with the statute. If Charging Party wants to pursue this matter further, she has the right to sue the Respondent in U.S. District Court. **If Charging Party decides to sue, she must sue within 90 days from receipt of this notice, otherwise, the right to sue is lost.**

However, arising out of the investigation, a technical violation was discovered. The evidence of record confirms that Respondent maintains certain forms in employee personnel files that indicate whether or not an employee is disabled. This violates the Americans with Disabilities Act, as amended (ADAAA), mandate for separation of medical records.

Based on the above, the Commission has determined that there is a violation of the statute. This determination is final. The statute requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the

Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the statute and the Commission's Procedural Regulations. The confidentiality provisions of Sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

John Waldinger
Area Director

SEP 0 4 2014
Date